**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| JANIS ELAINE BROWN, | |
| Plaintiff, | **No. 12-CV-4030-DEO** |
| vs. | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, Carolyn W. Colvin,[1] | |
| Defendant. | |

This matter is before this Court pursuant to "Application For Attorneys Fees Under The Equal Access To Justice Act 28 U.S.C. §2412" (Docket No. 22), requesting attorney fees in the total amount of $9,474.05. The Defendant has filed, "Defendant's Response To Plaintiff's Application For Attorney Fees Pursuant To The Equal Access To Justice Act" (Docket No. 23) that indicates the defendant and plaintiff subsequently reached a settlement for a total EAJA payment of $7,500.00, to be paid by the Social Security Administration.

---

[1] Plaintiff Janis Elaine Brown originally filed this case against Michael J. Astrue, the Commissioner of the Social Security Administration ("SSA"). On February 14, 2013, Carolyn W. Colvin became Commissioner of the SSA. The Court, therefore, substitutes Commissioner Colvin as the defendant in this action. Fed. R. Civ. P. 25(d)(1).

28 U.S.C. § 2412(d) of the EAJA provides for the award of fees and expenses if: (1) the party requesting the fees prevailed; (2) the position of the United States was not "substantially justified;" (3) the fees were incurred by the moving party in a "civil action . . . including proceedings for judicial review of agency action;" (4) the action was brought by or against the United States; (5) the court entering the ruling had "jurisdiction of that action;" (6) the party seeking fees submitted an application 30 days after final judgment, specifying the "amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed;" (7) the amount sought is reasonable under the circumstances; and (8) there are no "special circumstances" making "an award unjust." (citation omitted).

In this case, Plaintiff has satisfied each necessary element. Plaintiff prevailed in a civil action against the Commissioner of Social Security (Docket No. 20). This Court properly exercised jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner was not substantially justified in that the overwhelming weight of the evidence

supported the conclusion that an award of benefits was appropriate. Plaintiff's request for attorney's fees included an itemized statement of the actual time expended (Docket No. 22). Neither the Commissioner nor this Court consider the amount sought to be unreasonable under the circumstances.[2] And, finally, this Court is unaware of any special circumstances which would render the award unjust.

**Therefore, as agreed to by the parties, attorneys fees under EAJA is granted in the agreed upon amount of $7,500.00, payable to the plaintiff from the Social Security Administration, and mailed to plaintiff's attorney's address after any offset.**[3]

**IT IS SO ORDERED** this 1st day of March, 2013.

*[signature: Donald E. O'Brien]*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

[2] 28 U.S.C. § 2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." (citation omitted). In this case, the Court has reviewed the Itemization of Fees provided by Attorney Carter regarding the charged rate in this case (Docket No. 22).

[3] The parties agreed to this arrangement in accordance with <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521, 2529 (2010). Docket No. 23.